UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD LEE TURNER, | No. 2:19-cv-2080-EFB P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| RALPH DIAZ, | |
| Respondent. | |

Petitioner is a state prisoner who, proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has filed an application to proceed in forma pauperis (ECF No. 5) which makes the required showing and is granted. However, for the reasons stated below his petition (ECF No. 1) does not state a viable federal habeas claim.

I.  Legal Standards

The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). The court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4, Rules Governing Section 2254 Cases.

/////

/////

1

II.     Analysis

Petitioner raises only a single ground in his petition: that, in 2005 and in this district, he settled a case for one million dollars and there is an "issue regarding settlement payment." ECF No. 1 at 4. Since he is not attacking his conviction, a habeas petition is not the appropriate vehicle for this claim. *See* 28 U.S.C. § 2254(a) ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.") (emphasis added).

The court also declines to convert this action to a section 1983 action. First, plaintiff has given no explicit indication that he would be amenable to such conversion if his habeas petition were deemed improper.[1] Second, a separate section 1983 action is not the proper vehicle for enforcing a settlement agreement reached in a different case.[2] *See*, *e.g.*, *Dorrough v. Gonzalez*, No. 1:08-cv-00634 AWI DLB PC, 2009 WL 3300266, 2009 U.S. Dist. LEXIS 95671, *9 (E.D. Cal. Oct. 13, 2009) ("Plaintiff's filing of a Section 1983 action is not the proper vehicle for enforcement of a settlement agreement reached in a different federal case.").

III.    Conclusion

Accordingly, it is ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 5) is GRANTED; and

2. The Clerk of Court shall randomly assign a United States District Judge to this case.

Further, it is HEREBY RECOMMENDED that the petition (ECF No. 1) be DISMISSED for failure to state a cognizable federal claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written

---

[1] The court notes that the filing fee for a section 1983 case is far higher than the filing fee for a habeas petition.

[2] Petitioner has not identified the case in which the settlement was reached.

1 objections with the court and serve a copy on all parties.  Such a document should be captioned
2 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
3 within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
4 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In
5 his objections petitioner may address whether a certificate of appealability should issue in the
6 event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing § 2254 Cases
7 (the district court must issue or deny a certificate of appealability when it enters a final order
8 adverse to the applicant).

9 DATED:  April 24, 2020.

    EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE